## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

|  |  |
|---|---|
| ANA RAMIREZ and MARGARET LOUISE THOMAS, <br><br> Plaintiffs, <br><br> v. <br><br> CITY WINGS, INC. d/b/a Seaflight, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )     Civil Action No. 2020-0024 |

**Attorneys:**
**Pamela L. Colon, Esq.,**
St. Croix, U.S.V.I.
   *For Plaintiff Ana Ramirez*

**Trudy Fenster, Esq.,**
St. Croix, U.S.V.I.
   *For Plaintiff Margaret Louise Thomas*

**Charles E. Lockwood**, **Esq.,**
St. Croix, U.S.V.I.
   *For Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion to Dismiss" (Dkt. No. 13) filed by Defendant City Wings, Inc. d/b/a Seaflight ("Defendant" or "City Wings"); Plaintiff Ana Ramirez and Plaintiff Margaret Louise Thomas' (collectively "Plaintiffs") "Opposition to Motion to Dismiss" (Dkt. No. 21); and Defendant's Reply (Dkt. No. 27). For the reasons discussed below, the Court will grant Defendant's Motion to Dismiss for lack of subject matter jurisdiction, but will dismiss the Complaint without prejudice.

## I. BACKGROUND

Plaintiffs filed the Complaint in this matter seeking damages allegedly resulting from an engine failure and emergency landing of a flight operated by Defendant on which Plaintiffs were passengers. (Dkt. No. 1). The Complaint alleges negligence, gross negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Id.* at 5-8.

Defendant filed the instant Motion to Dismiss seeking to dismiss the Complaint with prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. No. 13 at 1). Defendant states that although the Complaint alleges that Defendant is incorporated in the State of Georgia, it is incorporated in Puerto Rico and has its principal place of business in the Virgin Islands. (Dkt. No. 13 at 1-2, 5-6). Thus, Defendant argues that no diversity of citizenship exists. *Id.* at 2. Additionally, Defendant argues that the Court lacks federal question jurisdiction over the action as the Complaint only brings claims under territorial law. *Id.* at 6.

Plaintiffs oppose Defendant's Motion to Dismiss, arguing that the Complaint establishes federal question as well as diversity jurisdiction. (Dkt. No. 21). Plaintiffs argue that if the Court determines that Plaintiffs have not established either federal question or diversity jurisdiction, the Court should permit them to conduct jurisdictional discovery or to amend their Complaint. *Id.* at 10.

## II. APPLICABLE LEGAL PRINCIPLES

Pursuant to Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. It is axiomatic that federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts possess subject matter jurisdiction only over cases that present a federal question, 28 U.S.C. § 1331, or when diversity of citizenship exists and the value of the claim exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a).

An attack under Rule 12(b)(1) to a court's subject matter jurisdiction can be either a facial or factual attack. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). A facial attack—as it is denominated—challenges the sufficiency of the jurisdictional allegations in the complaint on their face. *Petruska v. Gannon University*, 462 F.3d 294, 302 n.3 (3d Cir. 2006). In contrast, a factual attack disputes "the factual allegations underlying the complaint's assertion of jurisdiction," and involves the presentation of competing facts. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack requires that a court "only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc.*, 220 F.3d at 176. On the other hand, a court may consider evidence beyond the complaint in reviewing a factual attack. *Id.* In so doing, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "no presumptive truthfulness attaches to plaintiff's allegations." *Mortensen,* 549 F.2d at 891. When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citing *Mortensen*, 549 F.2d at 891).

### III.   DISCUSSION

#### A.   Diversity Jurisdiction

Title 28 U.S.C. § 1332(a) provides that district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The statute is generally understood as requiring complete diversity between plaintiffs and defendants, meaning that, "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Zambelli*

3

*Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)) (alteration in original); *see also Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) ("Jurisdiction under § 1332(a) requires 'complete diversity,' meaning that 'no plaintiff can be a citizen of the same state as any of the defendants.'" (quoting *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003))). "The key inquiry in establishing diversity is . . . the 'citizenship' of each party to the action." *Zambelli Fireworks Mfg. Co. Inc.*, 592 F.3d at 419.

"A natural person is deemed to be a citizen of the state where she is domiciled." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). The Complaint alleges that Plaintiffs are both "residents" of the Virgin Islands. (Dkt. No. 1 at 1). Defendant has not disputed that Plaintiffs are citizens of the Virgin Islands. (Dkt. No. 13 at 4). However, residence and domicile are not synonymous terms. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). "[T]he domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (quoting *McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006)) (internal quotation marks omitted); *see also Pierro v. Kugel*, 386 Fed. App'x 308, 309 (3d Cir. 2010) ("To acquire a domicile, a person must be physically present in a state *and* intend to remain in that state." (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972)) (emphasis in original)). A complaint that alleges only the residency, but not citizenship or domicile, of a party is "jurisdictionally inadequate in [a] diversity of citizenship case." *McNair v. Synapse Group, Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012); *see also GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018) ("Alleging residency alone is insufficient to plead diversity of citizenship."); *Krasnov,* 465 F.2d at 1300

4

("[M]ere residency in a state is insufficient for purposes of diversity."). Because the Complaint only alleges Plaintiffs' residency, it is facially deficient in pleading diversity jurisdiction. *See McNair*, 672 F.3d at 219 n.4.

Even assuming that Plaintiffs can amend the Complaint to allege that they are citizens, not simply residents, of the Virgin Islands, Defendant has submitted evidence challenging the jurisdictional allegations in the Complaint related to Defendant. The Complaint alleges that Defendant is incorporated in the State of Georgia and does business in the Virgin Islands. (Dkt. No. 1 at 1).[1] Defendant disputes this allegation and has submitted a declaration from Donald Lewis, President of City Wings, which asserts that Defendant is incorporated in Puerto Rico—not Georgia—and operates solely in the Virgin Islands. (Dkt. No. 13-1 at ¶¶ 2, 3, 5, 6, 7). Plaintiffs have failed to overcome Defendant's challenge to diversity jurisdiction.

---

[1] Such an allegation is also facially insufficient to establish subject matter jurisdiction based on diversity of the parties given that there is no reference to City Wings' principal place of business. *See Lincoln Benefit Life Co.*, 800 F.3d at 106 ("In the case of a corporation, the state of incorporation and principal place of business should be alleged, as the corporation is a citizen of both states."); *McNair*, 672 F.3d at 219 n.4 (finding complaint inadequate in pleading diversity jurisdiction because the complaint "instead of identifying Synapse's principal place of business and state of incorporation, refers only to 'a' principal place of business"); *J & R Ice Cream Corp. v. California Smoothie Licensing Corp.*, 31 F.3d 1259, 1265 n.3 (3d Cir. 1994) ("The complaint stated that CSLC had 'a' principal place of business in New Jersey, leaving open the possibility that it had 'its' principal place of business in Florida. Thus, the complaint did not properly plead diversity jurisdiction."); *Dalgic v. Misericordia Univ.*, Civil Action No. 3:16-443, 2016 U.S. Dist. LEXIS 35136, at *4 (M.D. Pa. Mar. 18, 2016) ("In order to properly plead the citizenship of the corporate Defendant . . . , Plaintiff must allege [the corporate defendant's] principal place of business and state of incorporation."); *Smith v. Kroesen*, Civ. A. No. 10-5723 (NLH)(AMD), 2013 U.S. Dist. LEXIS 167619, at *5-6 (D.N.J. Nov. 26, 2013) ("The jurisdictional allegation regarding the corporate defendant RUE is also deficient for failure to properly allege its principal place of business."); *see also Lincoln Ben. Life Co.*, 800 F.3d at 107 ("[R]ather than affirmatively alleging the citizenship of a defendant, a plaintiff may allege that the defendant is *not* a citizen of the plaintiff's state of citizenship.").

First, the Court finds that Defendant has made a factual attack on the ability of the Court to exercise subject matter jurisdiction based on diversity as it has submitted a declaration disputing the citizenship allegations in the Complaint. *See Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (stating that in a factual attack, for example, "while diversity of citizenship might have been adequately pleaded by the plaintiff, the defendant can submit proof that, in fact, diversity is lacking"); *Int'l Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982) ("[Defendant's] motion was supported by a sworn statement of facts. It therefore must be construed as a factual, rather than a facial attack on the court's subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)."). Thus, in considering Defendant's attack on subject matter jurisdiction, the Court may consider evidence outside the Complaint and need not take the allegations in the Complaint as true. *See GBForefront, L.P.*, 888 F.3d at 35 ("To resolve a factual challenge, the '[c]ourt may look beyond the pleadings to ascertain the facts[.]'" (quoting *Const. Party of Pennsylvania*, 757 F.3d at 357)).

"Once a factual challenge has been raised, the plaintiff then has the burden of proof to establish diversity jurisdiction by a preponderance of the evidence." *GBForefront, L.P.*, 888 F.3d at 35 (citing *McCann*, 458 F.3d at 288-89). "[I]n reviewing a factual attack, 'the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence. If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction.'" *Lincoln Ben. Life Co.*, 800 F.3d at 105 (quoting *McCann,* 458 F.3d at 290).

Plaintiff argues that diversity jurisdiction clearly exists because "Defendant, by its own admission, is a citizen of Puerto Rico due to its incorporation in that Commonwealth." (Dkt. No.

21 at 9). However, for purposes of diversity jurisdiction, a corporation is a citizen of *both* the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Johnson*, 724 F.3d at 347. Thus, contrary to Plaintiffs' contention, the fact that Defendant may be a citizen of Puerto Rico due to its incorporation there, does not mean that it is *only* a citizen of Puerto Rico. Defendant may also be a citizen of the Virgin Islands if its principal place of business is located there.

The Supreme Court has defined "principal place of business" as "the place where a corporation's officers direct, control, and coordinate the corporation's activities" which courts have referred to as the "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *see also Johnson*, 724 F.3d at 347. Defendant asserts, through the Declaration of its President, Donald Lewis, that it "conducts all business activities and maintains all business assets in the U.S. Virgin Islands" and "[t]he Company's high-level officers direct, control, and coordinate the Company's activities only in the U.S. Virgin Islands." (Dkt. No. 13-1 at ¶¶ 7, 9). Additionally, Defendant's "core day-to-day executive and administrative functions are primarily carried out of the Company's headquarters, located at 8248 Plantation Manor #61, St. Thomas, U.S. Virgin Islands." *Id.* at ¶ 10. Thus, Defendant's evidence seemingly demonstrates that its principal place of business is indeed in the Virgin Islands. *See Hertz Corp.*, 559 U.S. at 92-93.

Plaintiffs have not presented any evidence disputing Defendant's Declaration as to its principal place of business, or indeed any legitimate argument that addresses the issue of Defendant's principal place of business.[2] Thus, there is no dispute of material fact as to warrant a

---

[2] Plaintiffs have submitted a document showing that the plane allegedly involved in the incident that injured them has a FAA Certificate that is held in the San Juan District FAA Office. (Dkt. No. 21-1). However, such evidence does not speak to Defendant's contention that its principal place of business is in the Virgin Islands.

hearing. Instead, Plaintiffs request jurisdictional discovery. (Dkt. No. 21 at 10). They state that jurisdictional discovery is necessary "as Defendant has submitted a declaration containing factual allegations that Plaintiffs have not had the opportunity to challenge by way of document requests, interrogatories or by deposing the declarant and/or other relevant individuals." *Id.* Plaintiffs argue that "the information Plaintiffs need to further rebut the declaration are solely within the possession of Defendant." *Id.*

"District courts have the authority to allow discovery in order to determine whether subject-matter jurisdiction exists." *Lincoln Ben. Life Co.*, 800 F.3d at 108. In alleging the basis for subject matter jurisdiction, "a plaintiff need not allege an airtight case before obtaining discovery." *Id.* However, "only those plaintiffs who have provided some basis to believe jurisdiction exists are entitled to discovery on that issue." *Id.*

The Court concludes that Plaintiffs have provided no basis to believe that diversity jurisdiction exists, and thus discovery is not warranted. *See Lincoln Ben. Life Co.*, 800 F.3d at 108 n.38 ("[O]ur decisions in the personal-jurisdiction context also support the notion that jurisdictional discovery is not available merely because the plaintiff requests it. In *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, for example, we required sufficient allegations of personal jurisdiction in order to prevent 'a fishing expedition . . . under the guise of jurisdictional discovery.'" (quoting *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010))). Plaintiffs have not made any allegations in their Complaint regarding Defendant's principal place of business; they have essentially skirted the issue in their Opposition when confronted by the facts in Mr. Lewis' Declaration;[3] and they have given the Court no other

---

[3] Indeed, after a very brief discussion of the diversity jurisdiction issue that is essentially nonresponsive to Defendant's principal place of business assertion, Plaintiffs quickly resort to their

basis on which to believe that jurisdiction exists. Under these circumstances, Plaintiffs' plea for jurisdictional discovery appears geared toward nothing more than a fishing expedition. Thus, the Court will deny Plaintiffs' request for jurisdictional discovery.

Nor will the Court grant Plaintiffs leave to amend the Complaint. Plaintiffs previously filed a "Motion to Amend the Complaint" (Dkt. No. 14), wherein they sought to change Defendant's state of incorporation from Georgia to Puerto Rico. Magistrate Judge George W. Cannon, Jr. denied Plaintiffs' Motion to Amend as futile given Defendant's undisputed contention that its principal place of business is in the Virgin Islands and thus, even with such an amendment, the Court would still lack subject matter jurisdiction based on diversity. (Dkt. No. 19). This Court agrees and affirms the Magistrate Judge's ruling. Although Plaintiffs again request the opportunity to amend their Complaint in their Opposition to Defendant's Motion to Dismiss, (Dkt. No. 21 at 10), Plaintiffs give no insight into the nature of the proposed amendment or any indication that an amendment would be any less futile than the one previously submitted.

In sum, the Court finds that because Defendant has demonstrated—without any meaningful response from Plaintiffs—that it is a citizen of the Virgin Islands and the parties do not dispute that Plaintiffs are citizens of the Virgin Islands, the parties are not diverse. Accordingly, the Court lacks subject matter jurisdiction over this matter on the basis of diversity.

### B.     Federal Question Jurisdiction

Where the parties are not diverse, this Court's jurisdiction must be based on the existence of a federal question. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required."). Pursuant to 28 U.S.C. § 1331, federal

---

federal question jurisdiction argument which they maintain "renders the issue of diversity irrelevant to the subject matter jurisdiction of the Court." (Dkt. No. 21 at 9-10).

courts have jurisdiction over actions that "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) ("A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States."). When faced with determining whether the Court has original "arising under" jurisdiction, the "well-pleaded complaint" rule applies under which "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392.

Federal question jurisdiction may arise in two ways. First, "a case arises under federal law when federal law creates the cause of action asserted." *Goldman v. Citigroup Global Mkts., Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)) (internal quotation marks omitted); *Gardiner v. St. Croix Dist. Governing Bd. of Dirs.*, 859 F. Supp. 2d 728, 732 (D.V.I. 2012). In those cases, federal courts unquestionably have federal subject matter jurisdiction. *Gardiner*, 859 F. Supp. 2d at 732 (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Second, in a narrower category of cases, "a case may [also] arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Gardiner*, 859 F. Supp. 2d at 732 (quoting *Merrell Dow,* 478 U.S. at 808) (internal quotation marks omitted) (alterations in original). This case falls into neither category.

As to whether federal law creates the cause of action asserted, the Court first notes that the Complaint makes no reference to any claims based on federal law. While the Complaint references the federal question statute, 28 U.S.C. § 1331, it alleges only claims arising out of territorial law— namely negligence, gross negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. (Dkt. No. 1 at 1, 5-8). Therefore, on the face of the Complaint,

Plaintiffs are only alleging territorial—not federal—causes of action and there is no basis for concluding that federal law creates any cause of action asserted.

Despite a lack of any federal cause of action in the Complaint, Plaintiffs argue that federal law nonetheless governs this dispute because the Complaint involves an aviation incident governed by Federal Aviation Administration regulations, and federal law preempts the general field of aviation safety. (Dkt. No. 21 at 5-9). In their Opposition, Plaintiffs rely on several statutes and regulations they argue govern the incident, including 49 U.S.C. § 41101, 49 U.S.C. § 44713, 49 C.F.R. § 830.2, and 49 C.F.R. § 830.5. (Dkt. No. 21 at 7-8). Plaintiffs' argument in this regard is misguided.

It is true that the doctrine of "complete preemption 'operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint.'" *N.J. Carpenters v. Tishman Constr. Corp.*, 760 F.3d 297, 302 (3d Cir. 2014) (quoting *Bauman v. U.S. Healthcare, Inc. (In re U.S. Healthcare, Inc.)*, 193 F.3d 151, 160 (3d Cir. 1999)). "The complete preemption doctrine holds that 'Congress may so completely preempt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character.'" *Ry. Lab. Execs. Ass'n v. Pittsburgh & Lake Erie R.R. Co.*, 858 F.2d 936, 939 (3d Cir. 1988) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)). Therefore, a suit that "purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress . . . [and] therefore, 'arise[s] under the ... laws ... of the United States.'" *Metro. Life Ins. Co.*, 481 U.S. at 67 (quoting 28 U.S.C. § 1331); *see also Caterpillar, Inc.*, 482 U.S. at 393 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.").

However, this is not a case of complete preemption, as confirmed by *Abdullah v. Am. Airlines, Inc.,* 181 F.3d 363 (3d Cir. 1999) on which Plaintiffs rely. In *Abdullah*, the Third Circuit held that there is "implied federal preemption of the entire field of aviation safety," *id.* at 365, in that "federal law establishes the applicable standards of care in the field of air safety, generally, thus preempting the entire field from state and territorial regulation," *id.* at 367.[4] Unlike complete preemption, however, which confers federal subject matter jurisdiction, the Third Circuit in *Abdullah* was applying the doctrine of "field preemption." 181 F.3d at 367. Field preemption is a different doctrine entirely from complete preemption. As stated by the Third Circuit:

> Complete preemption is not the same as field preemption, and the two concepts should not be confused. Complete preemption "operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." . . . It applies when the preemptive force of a federal statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." . . . [Field preemption is] a species of "ordinary preemption" that operates as a federal defense to a state law claim, and has nothing to do with subject matter jurisdiction.

*Rosenberg v. DVI Receivables XVII, LLC*, 835 F.3d 414, 421 n.4 (3d Cir. 2016) (internal citations omitted).[5]

In *Abdullah*, the Third Circuit specifically found that, under the Federal Aviation Act ("FAA"), "state and territorial law remedies are [not] preempted, only the standards of care for the safe operation of aircraft" and that "there is no federal remedy for personal injury or death caused

---

[4] Notably, in *Abdullah*, the Third Circuit acknowledged that the District Court's jurisdiction rested on diversity. 181 F.3d at 366.

[5] The Supreme Court has found complete preemption in only a small number of contexts. *See Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968) (§ 301 of the Labor Management Relations Act); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (§ 502(a) of the Employee Retirement Income Security Act of 1974); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003) (§§ 85 and 86 of the National Bank Act); *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661 (1974) (certain claims related to possession of tribal lands).

by the operation or maintenance of aircraft to be found in the FAA itself." *Abdullah*, 181 F.3d at 375; *see also Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 808 (9th Cir. 2009) ("[T]he FAA doesn't create a federal cause of action for personal injury suits."); *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1004 (9th Cir. 2013) (following *Martin*); *Drake v. Lab. Corp. of Am. Holdings*, 458 F.3d 48, 57 (2d Cir. 2006) ("The remedies provided by the Act do not include a private right of action for violations of FAA regulations."); *Bonano v. E. Caribbean Airline Corp.*, 365 F.3d 81, 86 (1st Cir. 2004) ("[I]t is abundantly clear that Congress, in crafting the [FAA], intended public, not private, enforcement. Consequently, we join a long list of other courts that have concluded that neither the Act nor the regulations create implied private rights of action.").[6] Accordingly, courts have consistently held that state tort claims related to aircraft safety are not completely preempted by the FAA or its regulations so as to create federal jurisdiction. *See, e.g.*, *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 404 (7th Cir. 2001) ("[T]he Federal Aviation Act has no civil enforcement provision or any provision allowing a private resident to sue for the property torts of an airline pilot or airport operator. This is seemingly fatal to a claim

---

[6] The First Circuit noted one exception for a private right of action to enforce the provisions of the FAA: 49 U.S.C. § 46108. *See Bonano*, 365 F.3d at 85. Title 49 U.S.C. § 46108 provides in pertinent part: "An interested person may bring a civil action in a district court of the United States against a person to enforce section 41101(a)(1) of this title." Section 41101(a)(1) then provides that: "an air carrier may provide air transportation only if the air carrier holds a certificate issued under this chapter authorizing the air transportation." While Plaintiffs cite to Section 41101 in their Opposition, this section is inapplicable here, as the Complaint does not cite to the applicable statutory provision nor allege that Defendant failed to obtain the proper certification. *See Bonano*, 365 F.3d at 85 (finding 49 U.S.C. § 46108 was not applicable because "[t]he second amended complaint neither cites this statutory provision nor makes any allegations related to the lack of appropriate certification"); *see also Carter v. Cent. Reg'l W. Va. Airport Auth., Triad Eng'g, Inc.*, Civil Action No. 2:15-cv-13155, 2016 U.S. Dist. LEXIS 96523, at *56 (S.D. W. Va. July 25, 2016) ("Courts have allowed parties to use § 46108 and its statutory predecessors for the narrow purpose of enforcing certification requirements against carriers who either operate without certifications or exceed the scope of their certifications.") (collecting cases).

of complete preemption."); *Chau v. Air Cargo Carriers, LLC*, 425 F. Supp. 3d 658, 664 (S.D.W. Va. 2019) ("Defendants have not directed the Court to an exclusive federal cause of action that governs personal injury matters against air carriers and operators, and there is no indication that Congress intended to divert such claims to federal court. . . . Thus, because . . . the FAA [does not] provide private rights of action that displace the state law claims asserted in this action . . . Defendants' complete preemption theories must fail."); *Belmont v. JetBlue Airways Corp.*, 401 F. Supp. 3d 348, 357 (E.D.N.Y. 2019) ("Defendant has not shown that the FAA provides for a private right of action for personal injury claims. . . . Accordingly, the Court finds that Defendant has not met its burden of demonstrating that the FAA has completely preempted Plaintiff's state law tort claims."); *In re Air Crash at Lexington*, 486 F. Supp. 2d 640, 654 (E.D. Ky. 2007) ("[T]he FAA does not completely preempt state law causes of action for wrongful death or survivor benefits in aviation cases."); *Skydive Factory, Inc. v. Me. Aviation Corp.*, 268 F. Supp. 2d 61, 64 (D. Me. 2003) ("[T]he Federal Aviation Act has no private cause of action, . . . and there is no suggestion in the Act or the legislative history that Congress intended to eliminate ordinary damage recoveries for breach of contract and torts.").[7] Thus, the Court rejects Plaintiffs' preemption argument as a basis for federal question jurisdiction.

Finally, having determined that the Court does not have "arising under" jurisdiction based on a federal cause of action, the Court must determine whether Plaintiffs' Complaint raises a substantial federal question as articulated by the Supreme Court in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). *See Goldman v. Citigroup*

---

[7] Moreover, the FAA explicitly includes a clause that preserves state law claims. Title 49 U.S.C. § 40120(c) states that "a remedy under this part [49 USCS §§ 40101 *et seq.*] is in addition to any other remedies provided by law." "If [the provisions of the FAA] completely preempted state-law claims, converting them into federal claims, then the Act's remedies would not be 'in addition to' state remedies but would instead replace them." *Carter*, 2016 U.S. Dist. LEXIS 96523, at *66.

14

*Global Mkts., Inc.*, 834 F.3d 242, 251 (3d Cir. 2016) ("Lacking a federal cause of action to support jurisdiction, [the plaintiffs] must rely on *Grable* to establish [federal jurisdiction]."). Under the framework articulated in *Grable*, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Goldman*, 834 F.3d at 249 (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). "[T]he Supreme Court emphasized that *Grable & Sons* exemplified a 'slim category' of state-law claims which involve 'pure issues of law' and an application of those issues, which 'sensibly belong[] in a federal court.'" *Kalick v. Northwest Airlines Corp*, 372 Fed. App'x 317, 320 (3d Cir. 2010) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 700-01 (2006)).

Plaintiffs argue that the Complaint raises a substantial federal question because the facts alleged in the Complaint constitute violations of the federal regulations governing aircraft safety. (Dkt. No. 21 at 8-9). However, even if compliance with federal law speaks to an element of a state or territorial claim, this does not create federal jurisdiction based on a substantial federal question. *See Empire HealthChoice Assur., Inc.*, 547 U.S. at 701 ("[Under *Grable*,] it takes more than a federal element 'to open the "arising under" door.'" (quoting *Grable*, 545 U.S. at 313)); *Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 455 (D.N.J. 2007) ("A state law cause of action does not give rise to a substantial and disputed question of federal law simply because it is predicated on conduct regulated by federal law."). Thus, although standards may be governed by federal law, courts have held that personal injury suits related to aviation safety do not generally confer subject matter jurisdiction based on the framework articulated in *Grable. See Bennett v. Sw. Airlines Co.,* 484 F.3d 907, 912 (7th Cir. 2007) ("No court of appeals has held either before or after *Grable* that the national regulation of many aspects of air travel means that a tort claim in the

wake of a crash 'arises under' federal law. *Abdullah v. American Airlines, Inc.* . . . strongly implies that the 'arising under' jurisdiction is unavailable; we now hold that this is the right conclusion."); *Yellen v. Teledne Cont'l Motors, Inc.*, 832 F. Supp. 2d 490, 499 (E.D. Pa. 2011) (finding no federal jurisdiction under *Grable* because "[al]though these claims arise against the backdrop of a federal aviation regulatory scheme, they sound in run-of-the-mill state tort law. Plaintiffs' claims do not betray a serious federal interest that merits a federal forum in this litigation"); *McCarty v. Precision Airmotive Corp.*, Case No. 8:06-cv-1391-T-26TBM, 2006 U.S. Dist. LEXIS 65770, at *5 (M.D. Fla. Sept. 14, 2006) ("The fact that FAA rules and regulations may be relevant to defining the duty of care in a negligence case or the standard in a products liability case, however, does not elevate a typical state-law tort claim to one requiring resolution in a federal forum."). Simply stated, Plaintiffs' territorial tort claims do not fall into that "'slim category of state law claims . . . which 'sensibly belong in a federal court.'" *Kalick*, 372 Fed. App'x at 320.

In the view of the foregoing, the Court finds that it lacks federal question jurisdiction over Plaintiffs' Complaint.[8]

## IV.   CONCLUSION

For the reasons discussed above, the Court finds that it lacks subject matter jurisdiction over the instant matter. The Court will therefore grant Defendant's Motion to Dismiss. However,

---

[8] The Court will also deny Plaintiffs' request to amend their Complaint to establish federal question jurisdiction. *See Multicultural Radio Broad., Inc. v. Korean Radio Broad., Inc.*, Civil Action No. 15-1961 (SRC), 2017 U.S. Dist. LEXIS 12749, at *15, (D.N.J. Jan. 31, 2017) ("[L]eave to amend should not be granted if a proposed amendment would create subject matter jurisdiction where none previously existed. Applying this principle, courts in several other circuits have denied plaintiffs' motions for leave to amend when the proposed amendment sought to add a federal cause of action and thereby assert federal question jurisdiction if the amendment was necessary to cure a lack of diversity jurisdiction.").

the Court will deny Defendant's request to dismiss Plaintiffs' Complaint with prejudice, and will instead dismiss Plaintiffs' claims without prejudice.

An appropriate Order accompanies this Memorandum Opinion.

Date:  August 20, 2021                                                  _____/s/_____
                                                                        WILMA A. LEWIS
                                                                        District Judge